CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAY 20 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRIAN PITSENBARGER AND JAMES ELDON FERRELL, Plaintiff, | Civil Action No. 7:13-cv-00206 |
| v. | MEMORANDUM OPINION |
| SHERIFF BRYAN HUTCHESON, et al., Defendant(s). | By: Hon. Jackson L. Kiser Senior United States District Judge |

Plaintiffs Brian Pitsenbarger and James E. Ferrel[1], both Virginia inmates proceeding *pro se*, bring this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Sheriff Bryan Hutcheson, Lt. Steve Shortell, Lt. Dave Lester and the Rockingham County Jail.[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes a district court to dismiss a case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." n1 28 U.S.C. § 1915(e)(2)(B)(i-iii). Accordingly, I will dismiss plaintiffs' complaint pursuant to 28 U.S.C. § 1915A(b)(1).

I am required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980)(per curiam). Even under this less stringent standard, however, the *pro*

---

[1] Plaintiffs have jointly filed this complaint alleging two separate claims. However, as plaintiffs do not specify which claims or facts apply to each and their claims do not appear to arise out of the same transaction or occurrence, the joinder does not appear to be appropriate under Rule 20 of the Federal Rules of Civil Procedure. Of course, pursuant to Rule 21, misjoinder is not a ground for dismissing any action.

[2] To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). As the Rockingham County Jail is not a "person" subject to suit under § 1983, plaintiffs cannot maintain their action against the defendant jail. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992).

*se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Plaintiffs, who are inmates at the Rockingham County Jail ("Rockingham"), allege that they write grievances which are not answered "because they say they never got them." Plaintiffs also claim that the "food service people" serve them less food, either for budgetary reasons, or on weekends and evenings. Plaintiffs state they are sometimes served turkey, ham or bologna sandwiches for dinner and are hungry after meals. Plaintiffs ask the court to fix the grievance procedure using a carbon copy form and to order officials to either increase the amount of food plaintiffs receive, or provide them with a menu.

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must [allege] that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

A. Grievances

Plaintiffs claim that their grievances are not being processed properly, stating "we will write grievances and we will get no answer because they say they never got them." Plaintiffs do not specify which constitutional right they claim has been violated. However, inmates do not have a constitutionally protected right to a grievance procedure within the prison system under the First Amendment, the Due Process Clause, or any other statute. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (finding "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Moreover, plaintiffs provide no details regarding what grievances they claim to have filed which were never received, or how the specific defendants named were involved. Accordingly, plaintiffs' claim regarding the grievance process fails.

B. Food Services

While plaintiffs do not specifically state how defendants' alleged acts regarding the food service problems violated their constitutional rights, the court will construe the complaint as an attempt to bring a claim under the Eighth Amendment.[3] To make out an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." Strickler v. Waters, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)). To demonstrate such an extreme deprivation, a

---

[3] See Hughes v. Rowe, 449 U.S. 5 (1980) (stating that the pleadings of *pro se* litigants are accorded liberal construction)

3

prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions. Id. at 1381.

The subjective prong of a deliberate indifference claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)).

Plaintiffs fail to satisfy either the objective or subjective component of their Eighth Amendment claim. "Allegations of inadequate food for human nutritional needs . . . [may be] sufficient to state a cognizable constitutional claim, so long as the deprivation is serious." King v. Lewis, 358 F. App'x 459, 460 (4th Cir. 2009) (internal citation omitted) (citing Wilson, 501 U.S. at 294). In determining whether an Eighth Amendment violation has occurred, "[c]ourts consider the amount and duration of the deprivation of food." Lockamy v. Rodriguez, 402 F. App'x 950, 951 (5th Cir. 2010) (citation omitted) (finding deprivation of six meals in fifty-four hour period insufficient to state a claim absent allegation of injury as a result of missing meals); see also Berry v. Brady, 192 F.3d 504, 506-08 (5th Cir. 1999) (finding deprivation of eight meals over seven-month period insufficient to state an Eighth Amendment claim because no specific allegations of physical harm). Here, plaintiffs' general and conclusory allegations fail to sufficiently indicate any serious deprivation. Plaintiffs do not state how long the alleged food shortage has occurred, or how often their meal size is reduced. Though they claim that sometimes food service reduces "the total food down by one-third," there is no indication of how much food this actually entails.

Moreover, plaintiffs fail to allege that they sustained any injury, much less a serious or significant physical or emotional injury, from the amount of food served. See Strickler, 989 F.2d

4

at 1381. Plaintiffs state they feel hungry after meals, but do not allege they are receiving inadequate nutrition. Plaintiffs state that "people in the jail" are losing weight; however, they do not state that they are losing weight.[4] Plaintiffs' bare allegations of being "hungry" fail to establish the requisite level of seriousness for an Eighth Amendment claim. See Strickler, 989 F.2d at 1381 n.9; see also Lowery v. Bennett, No. 11-6425, 2012 U.S. App. LEXIS 16778, 2012 WL 3218006, at *5 (4th Cir. Aug. 9, 2012) (holding bare allegations of suffering failed to establish requisite level of seriousness); Lockamy, 402 F. App'x at 951-52 (finding claim insufficient where the plaintiff "has not alleged any specific harm, other than hunger pains" (citing Berry, 192 F.3d at 508)). Given these deficiencies, plaintiffs fail to adequately allege any serious deprivation.

Plaintiffs also fail to allege facts indicating that defendants knew of and disregarded an excessive risk to their health. Farmer, 511 U.S. at 837. Plaintiffs never state that they informed the defendants of their food complaints, that defendants are aware of the alleged food shortage, or that defendants are responsible for food service at Rockingham. Accordingly, plaintiffs' Eighth Amendment claim against defendants fails.

Therefore, I will dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1) without prejudice

ENTER: This 30th day of May, 2013.

*[signature]*
Senior United States District Judge

---

[4] To the extent plaintiffs purport to represent other inmates' interests regarding losing weight, it is well settled that a *pro se* prisoner plaintiff may not represent another prisoner's legal interests. See Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); Inmates v. Owens, 561 F.2d 560, 562-563 (4th Cir. 1977) (one *pro se* inmate does not have standing to sue on behalf of another inmate).